GREEN, J.
This is an appeal from an order compelling the defendant, Eric S. Smith, to submit to an “oral swab” DNA test. We reverse.
In March 1997, the defendant entered a guilty plea to charges of aggravated battery and was sentenced to one year community control followed by two years probation. Later that year, the trial court granted a motion, filed by the defendant, to convert the community control to probation. A year later, in October 1998, the defendant’s probation was terminated by the trial court.
Nearly seven years later, in May 2005, the State of Florida filed an ex parte motion requesting the trial court to order 43 persons, including the defendant, to submit to compulsory DNA “oral swab” samples pursuant to Section 943.325(11), Florida Statutes (2003).[1] The motion was granted. *23 Subsequently, the police appeared, unannounced, at the defendant’s home with the intent of taking the ordered DNA sample. The defendant was not home. Thereafter, the defendant filed a written objection to the State’s motion, which was sustained by the trial court. On rehearing, the court reversed itself and ordered the defendant to comply with the order requiring him to submit to an “oral swab” DNA test. Execution of that order has been stayed pending the outcome of this appeal.
The State’s ex parte motion was brought pursuant to Florida Statute 943.325 (2003), which provides, in pertinent part, that:
(l)(a) Any person who is convicted or was previously convicted in this state for any offense or attempted offense enumerated in paragraph (b), and any person who is transferred to this state under Article YII of the Interstate Compact on Juveniles, part V of chapter 985, who has committed or attempted to commit an offense similarly defined by the transferring state, who is either:
1. Still incarcerated, or
2. No longer incarcerated, or has never been incarcerated, yet is within the confines of the legal state boundaries and is on probation, community control, parole, conditional release, control release, or any other type of court-ordered supervision, shall be required to submit two specimens of blood or other biological specimens approved by the Department of Law Enforcement to a Departmeht of Law Enforcement designated testing facility as directed by the department.
(b)l. Chapter 794, chapter 800, s. 782.04, s. 784.045, s. 810.02, s. 812.133, or s. 812.135.
§ 943.325(1), Fla. Stat. (2003). The defendant, who is neither incarcerated nor under any form of court-ordered supervision, does not fall within the plain language of the statute’s purview. Accordingly, we reverse.

. This section provides:
If the Department of Law Enforcement determines that a convicted person who is required to submit blood specimens or other approved biological specimens under this section has not provided the specimens, the department, a state attorney, or any law enforcement agency may apply to the circuit court for an order that authorizes taking the convicted person into custody for the purpose of securing the required specimens. The court shall issue the order upon a showing of probable cause. Following issuance of the order, the convicted person shall be transported to a location acceptable to the agency that has custody of the person, the blood specimens or other approved biological specimens shall be withdrawn or collected in a reasonable manner, and the person shall be released if there is no other reason to justify retaining the person in custody. An agency acting under authority of an order under this section may, in lieu of transporting the convicted person to a collection site, secure the blood specimens or other approved biological specimens at the location of the convicted person in a reasonable manner. If the convicted person resists providing the specimens, reasonable force may be utilized to secure the specimens and any person utilizing such force to secure the specimens or reasonably assisting in the securing of the specimens is not civilly or criminally liable for actions taken. The agency that takes the convicted person into custody may, but is not required to, transport the person back to the location where the person was taken into custody.